# Exhibit 14



Scott Rauscher <scott@loevy.com>

## Simmons v. City 14 C 9042

**Kenneth Battle** <kbattle@hoblawfirm.com>  Sun, Feb 4, 2018 at 8:47 PM
To: Scott Rauscher <scott@loevy.com>
Cc: "Daniel M. Noland" <dnoland@reiterburns.com>, Daniel Neville <dneville@reiterburns.com>, "Katherine C. Morrison" <kmorrison@reiterburns.com>, "Terrence M. Burns" <tburns@reiterburns.com>, William Bazarek <wbazarek@hoblawfirm.com>, "al@alhofeldlaw.com" <al@alhofeldlaw.com>, "andrew@loevy.com" <andrew@loevy.com>, "tess@loevy.com" <tess@loevy.com>, Winnefred Monu <wmonu@hoblawfirm.com>

No prob.

1. It is our contention that the officers did not commit perjury. Within the Chicago Police Department, there is a distinction between unit of assignment and unit of detail. For example, an officer may be assigned to a particular unit, and detailed to another unit. To illustrate the point, a review of Bates 22777 from the CR is instructive. That summary report, and I believe all summary reports, note a unit of assignment and a unit of detail. In their depositions from July of 2016, the officers answered truthfully the questions asked of them. It is not considered discipline when department members are given duty restrictions due to an ongoing administrative investigation. As I understand it, officers can have duty restrictions for various reasons and various lengths of time. However, it is not an imposition of discipline.

2. We were informed of the officers duty restrictions on Monday, January 29, 2018.

Thanks,

Ken

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Scott Rauscher <scott@loevy.com>
Date: 2/4/18 5:38 PM (GMT-06:00)
To: Kenneth Battle <kbattle@hoblawfirm.com>
Cc: "Daniel M. Noland" <dnoland@reiterburns.com>, Daniel Neville <dneville@reiterburns.com>, "Katherine C. Morrison" <kmorrison@reiterburns.com>, "Terrence M. Burns" <tburns@reiterburns.com>, William Bazarek <wbazarek@hoblawfirm.com>, al@alhofeldlaw.com, andrew@loevy.com, tess@loevy.com
Subject: Re: Simmons v. City 14 C 9042

We would ask that you respond to those two questions in writing and then we can assess whether a call is still necessary on those issues. Thanks.

On Sun, Feb 4, 2018 at 5:22 PM Kenneth Battle <kbattle@hoblawfirm.com> wrote:
> If 5:20 doesn't work what about 5:40?
>
>
> Sent from my Verizon, Samsung Galaxy smartphone
>
>
> -------- Original message --------
> From: Kenneth Battle <kbattle@hoblawfirm.com>
> Date: 2/4/18 5:06 PM (GMT-06:00)
> To: Scott Rauscher <scott@loevy.com>, "Daniel M. Noland" <dnoland@reiterburns.com>
> Cc: Daniel Neville <dneville@reiterburns.com>, "Katherine C. Morrison" <kmorrison@reiterburns.com>, "Terrence M. Burns" <tburns@reiterburns.com>, al@alhofeldlaw.com, andrew@loevy.com, tess@loevy.com, William Bazarek <wbazarek@hoblawfirm.com>
> Subject: RE: Simmons v. City 14 C 9042
>
> Hi Scott, Tess-

Sure we can talk about those issues. Bill and I are available at about 5:20. How do you want to communicate, through conference call line?

Ken

**From:** Scott Rauscher [mailto:scott@loevy.com]
**Sent:** Sunday, February 04, 2018 4:45 PM
**To:** Daniel M. Noland <dnoland@reiterburns.com>
**Cc:** Daniel Neville <dneville@reiterburns.com>; Katherine C. Morrison <kmorrison@reiterburns.com>; Terrence M. Burns <tburns@reiterburns.com>; al@alhofeldlaw.com; andrew@loevy.com; Kenneth Battle <kbattle@hoblawfirm.com>; tess@loevy.com; William Bazarek <wbazarek@hoblawfirm.com>
**Subject:** Re: Simmons v. City 14 C 9042

Ken,

We had this call with attorneys from Reiter Burns. I am not writing this email to summarize that call, but there are at least two parts of our letter that we believe you should answer today. For ease of reference, I am copying those two points below:

1. It is Plaintiffs' position that Wrigley and O'Keefe committed perjury during their depositions. Having reviewed their depositions transcripts, we do not see a reasonable alternative explanation for why, when asked what their current assignments were, they gave answers about current assignments that involve police powers. For example, Wrigley said he was a member of the tactical team in the 19th District. *See* Wrigley Dep. at 16. He further explained that his duties on the tactical team in July 2016 on a day to day basis were "very similar" to his duties on the 10th District tactical team that he joined in 2005. We now know that was not true because his police powers were stripped months before his July 2016 deposition. Indeed, he confirmed to [BIA] in December 2016 that he had been assigned to Unit 376 since April 2016. Both also denied ever being disciplined for a CR.

Please let us know by [today] whether any or all of the Defendants agree that Wrigley and/or O'Keefe lied during their depositions. If not, please explain how the above-cited testimony is truthful, and the basis for any conclusion other than a determination that Wrigley and O'Keefe lied during their depositions.

2. Please tell us when any of the lawyers involved in this case knew that Wrigley and O'Keefe had been stripped of their police powers.

Thanks

Scott

On Sun, Feb 4, 2018 at 2:26 PM Daniel M. Noland <dnoland@reiterburns.com> wrote:

> Ok.
>
> **From:** Scott Rauscher [mailto:scott@loevy.com]
>
> **Sent:** Sunday, February 4, 2018 2:23 PM
> **To:** Daniel M. Noland <dnoland@reiterburns.com>
> **Cc:** al@alhofeldlaw.com; andrew@loevy.com; tess@loevy.com; kbattle@hoblawfirm.com; wbazarek@hoblawfirm.com; Terrence M. Burns <tburns@reiterburns.com>; Katherine C. Morrison <kmorrison@reiterburns.com>; Daniel Neville <dneville@reiterburns.com>
>
> **Subject:** Re: Simmons v. City 14 C 9042

We calk be available in 30 minutes. Let's plan to use the below dial-in at 2:50.

(530) 881-1212

Meeting ID: 954-708-900


--

Scott Rauscher

Loevy & Loevy

311 N. Aberdeen St., Third Floor

Chicago, IL 60607

O: 312.243.5900

F: 312.243.5902


On Sun, Feb 4, 2018 at 2:07 PM, Daniel M. Noland <dnoland@reiterburns.com> wrote:

> Scott and Al,
>
> We are available to talk now if you have some time, or later this afternoon, or tomorrow morning: whatever works best for you.
>
> Thanks
>
> Dan
>
>
> **From:** Scott Rauscher [mailto:scott@loevy.com]
> **Sent:** Saturday, February 3, 2018 3:20 PM
> **To:** Daniel Neville <dneville@reiterburns.com>
> **Cc:** al@alhofeldlaw.com; andrew@loevy.com; tess@loevy.com; kbattle@hoblawfirm.com; wbazarek@hoblawfirm.com; Terrence M. Burns <tburns@reiterburns.com>; Daniel M. Noland <dnoland@reiterburns.com>; Katherine C. Morrison <kmorrison@reiterburns.com>
> **Subject:** Re: Simmons v. City 14 C 9042
>
>
> Counsel,
>
> I am attaching a letter.
>
> Scott

--

Scott Rauscher

Loevy & Loevy

311 N. Aberdeen St., Third Floor

Chicago, IL 60607

O: 312.243.5900

F: 312.243.5902

On Fri, Feb 2, 2018 at 8:36 PM, Daniel Neville <dneville@reiterburns.com> wrote:

> Counsel, please see the attached correspondence regarding the above-captioned matter. I will be sending the referenced documents via a secure link. The password to view or download the documents will be Simmons.
>
> Thanks,
>
> Dan
>
> http://getdigitalstyle.com/signature/img/reiter-logo.png
>
> **Daniel A. Neville**
>
> Paralegal
>
> Reiter Burns LLP
> Suite 5200 311 S Wacker Drive
> Chicago IL 60606
>
> **P** 312 982 0090 x109
> **E** dneville@reiterburns.com   **W** reiterburns.com
>
> This email is sent by a law firm and may contain information that is privileged or confidential.
> If you are not the intended recipient, please delete the email and any attachments, and notify us immediately.

--

--

Scott Rauscher

Loevy & Loevy

311 N. Aberdeen St., Third Floor

Chicago, IL 60607

O: 312.243.5900

F: 312.243.5902

--
--
Scott Rauscher
Loevy & Loevy
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
O: 312.243.5900
F: 312.243.5902