IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARETHA SIMMONS, for herself and on behalf of DAVIANNA SIMMONS, a minor, EMILY SIMMONS and KEITH SIMMONS, ) ) ) ) ) Plaintiffs, ) ) v. ) ) THE CITY OF CHICAGO; CHICAGO POLICE ) OFFICERS ANTHONY M. BABICZ (Star 12652); ) STEVEN L. HEFEL (Star 13074); ) JUSTIN M. HOMER (Star 10979); SEARGENT ) BRIAN J. KINNANE (Star 1120); MICHAEL R. ) LAURIE (Star 15108); JOHN D. OKEEFE ) (Star 18418); MICHAEL W. SUING (Star 17006); ) JOHN E. WRIGLEY (Star 7179) ) ) Defendants. ) | No. 14 C 9042<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Judge Jeffrey T. Gilbert<br><br>Jury Demanded |

**DEFENDANT OFFICERS' RESPONSE TO PLAINTIFFS' MOTION
FOR DEFAULT JUDGMENT AS A SANCTION FOR PERJURY AND
DISCOVERY VIOLATIONS**

Defendant Officers Babicz, Hefel, Homer, Kinnane, Laurie, O'Keefe, Suing, and Wrigley (collectively "Defendant Officers"), by their attorneys, Kenneth M. Battle and Hickey, O'Connor & Battle, LLP, and for their Response to Plaintiffs' Motion for Default state as follows:

**INTRODUCTION**

Plaintiffs' Motion for Default Judgment as a Sanction for Perjury and Discovery Violations is based, in part, on allegations that Defendant Officers Wrigley and O'Keefe committed perjury in their depositions when they testified about their assignments and disciplinary histories. Defendant Officers are directing this Response to the issues raised against them. As will be shown in this Response, Plaintiffs' allegations of perjury and misconduct are without merit. Plaintiffs cannot demonstrate that the alleged discrepancies, if any, contained in

1

Defendant Wrigley and O'Keefe's deposition testimony amount to perjury. Therefore, said testimony does not rise to the level requiring default judgment as a sanction.

## ARGUMENT

Plaintiffs seek a default judgment against Defendant Officers Babicz, Hefel, Homer, Kinnane, Laurie, O'Keefe, Suing, and Wrigley for alleged perjury committed by Defendants Wrigley and O'Keefe in their depositions. As an initial matter, Plaintiffs make no effort to explain why a default judgment should be entered against Defendant Officers Babicz, Hefel, Homer, Kinnane, Laurie, and Suing. As there is no basis to sanction these officers, the motion should be denied. Moreover, Plaintiffs have not met their burden to show that Defendant Officers Wrigley and O'Keefe should be sanctioned in any way, much less have a default judgment entered against them. Plaintiffs' motion should be denied in its entirety.

### I. PLAINTIFFS ARE NOT ENTITLED TO ANY SANCTION AGAINST DEFENDANT OFFICERS BABICZ, HEFEL, HOMER, KINNANE, LAURIE, AND SUING.

Plaintiffs make no allegations of misconduct committed by Defendant Officers Babicz, Hefel, Homer, Kinnane, Laurie, and Suing. The Supreme Court has expressly stated that sanctions may be appropriate in one of three instances — where the noncomplying party acted either with willfulness, bad faith or fault. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640, 96 S.Ct. 2778, 2779 (1976) (per curiam); *see also Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1095 (1958); *Montano v. City of Chicago, et al.,* 535 F.3d 558 (7th Cir. 2008) (dismissal was inappropriate when entered as a sanction against a party that did not commit the alleged misconduct). As Plaintiffs have not even attempted to show that Defendant Officers Babicz,

2

Hefel, Homer, Kinnane, Laurie, and Suing acted with willfulness, bad faith, or fault, the motion should be denied as to them.

## II. PLAINTIFFS HAVE NOT MET THEIR BURDEN TO SHOW THAT THEY ARE ENTITLED TO A DEFAULT JUDGMENT AGAINST DEFENDANT OFFICERS WRIGLEY AND O'KEEFE.

Plaintiffs' allegations of perjury against Defendant Officers Wrigley and O'Keefe also do not entitle them to a default judgment against Defendant Officers Wrigley and O'Keefe. It is well settled law that "[a] dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, where there is a clear record of delay or *contumacious conduct,* or when other less drastic sanctions have proven unavailable." *Pyramid Energy Ltd. v. Heyl & Patterson, Inc.,* 869 F.2d 1058, 1061 (quoting *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir.1983) (emphasis added)). Moreover, the sanction imposed should be proportionate to the gravity of the offense. *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003). While a court has the inherent authority to sanction a litigant for bad faith conduct during litigation, *see Chambers v. NASCO, Inc*., 501 U.S. 32, 44 (1991), the court must first find that the litigant "willfully abused the judicial process or otherwise conducted litigation in bad faith." *See, e.g., Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 928 (7th Cir. 2004). The misconduct alleged by Plaintiffs is their accusation that Defendants Wrigley and O'Keefe committed perjury when they testified that they were assigned to their respective units and had not been disciplined. In the federal criminal context, perjury is defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (summarizing the elements of 18 U.S.C. § 1621); *see also United States v. Dumeisi*, 424 F.3d

3

566, 582 (7th Cir.2005). Plaintiffs have provided nothing to prove Defendants Wrigley and O'Keefe committed perjury.

### A. Plaintiffs Have Not Shown That Defendants Wrigley and O'Keefe Committed Perjury.

Plaintiffs have failed to provide evidence from which this Court can conclude that Defendants Wrigley and O'Keefe deliberately gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.

As the Seventh Circuit has explained, "the severity of a sanction should be proportioned to the gravity of the offense" and does not automatically require dismissal. *Allen v. Chicago Transit Authority,* 317 F.3d 696, 703 (7th Cir. 2003). In *Allen,* the plaintiff in an employment case admitted that he had lied under oath in his deposition, and was fined $4,000. The court in *Allen* stated:

> [P]erjury does not necessarily warrant disregarding a witness's entire testimony as a matter of law. It undermines the witness's testimony; but obviously there are cases, perhaps the majority, in which a witness's testimony is a compound of truth and falsity. *Perjury is a circumstance to be weighed by the jury in determining a witness's credibility rather than a ground for removing the issue of credibility from the jury by treating the witness's entire testimony as unworthy of belief.* [citations omitted] It simply is not a reasonable inference from a falsehood in one part of a witness's testimony to the falseness of the entire testimony. (emphasis added).

*Id.*

Unlike the situation in *Allen*, Plaintiffs here have not proven any intentional falsehoods. Defendant Wrigley and Defendant O'Keefe gave approximately 340 pages of testimony taken over more than a combined 11 hours. In their depositions from July of 2016, both Defendant Officers Wrigley and O'Keefe answered questions regarding their unit of assignment. Questions were asked of Wrigley at his deposition concerning his various assignments throughout his

4

career and his disciplinary history. Plaintiffs cite to one colloquy in an effort to prove he committed perjury. The questions were imprecise, leading to potential confusion of the record regarding Officer Wrigley's understanding of the question and his intent with respect to the answers provided. Similarly, questions were asked of Officer O'Keefe at his deposition concerning his various assignments and disciplinary history. Within the Chicago Police Department, there is a distinction between unit of assignment and unit of detail. For example, an officer may be assigned to a particular unit and simultaneously detailed to another unit. Whether Officer Wrigley and O'Keefe were forthcoming with regard to that testimony is fodder for cross-examination or impeachment, but it does not rise to the level of perjury. As *Allen* makes clear, any perceived inconsistencies may affect Wrigley or O'Keefe's credibility, but that is an issue for the jury, not perjury.

The Court in *Montano v. City of Chicago, et al.,* 535 F.3d 558 (7th Cir. 2008), dealt specifically with allegations of perjury as a basis for reversing a default judgment as a sanction. In *Montano*, the District Court entered judgment in favor of defendants after finding that several plaintiffs committed perjury in their testimony. The Seventh Circuit reversed, finding that inconsistencies in the testimony did not constitute perjury. For example, the Court found:

> That Ruiz gave somewhat incongruous accounts of the sequence, duration, and scope of the altercation is hardly unusual; inconsistencies of this sort are the prototypical products of "confusion, mistake, or faulty memory." These inconsistencies certainly bear on Ruiz's credibility — the officers introduced his deposition testimony as impeachment evidence — but in the absence of other evidence of a deliberate falsehood do not permit the inference that Ruiz committed perjury. (citations omitted).

*Id.* at 558. With regard to the plaintiffs as a group, the Court held:

> The plaintiffs did not admit giving false testimony, and the court did not mention any direct evidence that plaintiffs knowingly lied under oath (there is none, as far as we are aware). Instead, the court simply identified six specific discrepancies between testimony given by certain of the plaintiffs in deposition and the testimony they gave at trial. We assume the court inferred from these discrepancies that the plaintiffs intentionally lied at

5

> either their depositions or at trial. The transcripts, however, provide virtually no support for this inference. True, the plaintiffs' version of events at trial in 2001 were in certain respects out of sync with the story they told in their 1999 depositions, but no evidence suggests these inconsistencies were willful, material falsehoods.

*Id.* at 565. Thus, the Court ruled that there was not enough evidence of perjury in a case where the plaintiffs had testified both at deposition and at trial. There is even less evidence of perjury in this case. As Plaintiffs have not proven their allegations of perjury, the motion should be denied.

### B. Plaintiffs Have Not Shown They Are Entitled To A Default Judgment Against Officers Wrigley and O'Keefe.

The entry of a default judgment is the ultimate sanction. The court's authority to sanction a litigant for misconduct "must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. A sanction must be proportionate to the wrongdoing. *Banks v. Cook County, et al.,* \*14, No. 12 C 2341, 2014 WL 628256 (N.D. Ill. Feb 18, 2014). Plaintiffs have cited no case in which the ultimate sanction of default judgment was imposed based on inconsistent testimony at a deposition. Instead, the cases cited by Plaintiffs in which the sanction of default judgment was imposed involved extreme circumstances that are distinguishable from the instant case. *See e.g. Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752 (7th Cir. 2005) (The district court dismissed Angelita Greviskes' suit after her misconduct included refusing to stipulate to basic facts, submitting multiple frivolous motions to dismiss the evidentiary hearing, engaging in fraudulent misconduct, and throwing roadblocks in the process of awarding attorney's fees); *Alexander v. Caraustar Industries, Inc.*, 930 F. Supp.2d 947 (N.D. Ill. 2013) (plaintiff's case was dismissed due to perjury after they admitted in depositions that they lied in sworn declarations previously submitted to the court in their motion for conditional certification).

6

The questions and answers in the instant case are not the sort in which perjury warranting dismissal were found in cases cited above. Plaintiffs have cited no case in which default judgment was granted or even sought where the only allegations of impropriety were inconsistencies in deposition testimony. Certainly, none of the cases support the proposition that other defendants should have a default judgment entered against them for the alleged false testimony of other defendants. As the *Montano* Court indicated:

> We note as an aside that even had the record shown clear evidence of perjury by Montaño, Ruiz, Perales, and David Mendez, the extreme sanction of dismissal would be disproportionately severe as to Yesenia Mendez, against whom no accusations of perjury were ever leveled. *See Allen,* 317 F.3d at 703 (sanction should be "proportion[ate] to the gravity of the offense"). Dismissing her case for the actions of the other four plaintiffs was an abuse of discretion. In addition, large portions of the other four plaintiffs' trial testimony did *not* contradict their deposition testimony. A jury could reasonably conclude their testimony was a mix of fact and fiction. *See id.* ("It simply is not a reasonable inference from a falsehood in one part of a witness's testimony to the falseness of the entire testimony."). Where a witness's testimony is "a compound of truth and falsity," the prudent course is to permit the jury to sort through it; "[p]erjury is a circumstance to be weighed by the jury in determining a witness's credibility rather than a ground for removing the issue of credibility from the jury by treating the witness's entire testimony as unworthy of belief." *Id.* By dismissing the case with prejudice, however, the district judge took the credibility question from the jury… The district court's sanction of dismissal with prejudice cannot stand.

*Montano*, 535 F.3d at 566-567. Plaintiffs have not proven they are entitled to a default judgment. The motion should be denied.

### III. ADMISSIBILITY OF THE WILLIAMS COMPLAINT REGISTERS IS PREMATURE.

At the Court's instance, the Defendant Officers now address the potential admissibility of the Williams Complaint Registers. There have been findings and recommendations in the Williams CRs against Defendants O'Keefe, Wrigley, and Kinnane; however, that underlying investigation remains under review by the Chicago Police Department. As such, there has been no final outcome to that administrative investigation. Admission of the Williams CRs, and any

7

argument pertaining thereto, could lead the jury to assume the above officers did in fact engaged in misconduct. The defendant officers have due process rights, including the opportunity to contest and challenge any findings or recommendations made against them. Moreover, the Chicago Police Board is responsible for deciding police disciplinary cases in which it is recommended that a sworn officer be discharged from the Chicago Police Department. Officers Wrigley and O'Keefe would have the right to present evidence and cross examine witnesses in an administrative hearing related to their potential discharge. Additionally, Kinnane could challenge a suspension that is ten days or less by submitting a grievance.

The jury must only decide whether Plaintiffs' constitutional rights were violated and if they are entitled to damages. The findings and recommendations for discipline in the Williams CR, involve an event that occurred subsequent to August 29, 2013. It would be premature and prejudicial for the jury to hear evidence of an unrelated administrative investigation where there has been no final outcome. Defendant O'Keefe, Wrigley, and Kinnane will have the opportunity to vigorously challenge and defend themselves against the allegations and/or proposed penalty recommendations. At this point, they have not been able to exhaust all available administrative remedies before final imposition of any discipline. Therefore, any such evidence pertaining to the Williams CRs should be barred.

## CONCLUSION

WHEREFORE, Defendant Officers Babicz, Hefel, Homer, Kinnane, Laurie, O'Keefe, Suing, and Wrigley, respectfully request that this court deny Plaintiffs' Motion for Sanctions and Default Judgment, and for such further relief as this court deems just and equitable.

        Respectfully submitted,

        OFFICERS BABICZ, HEFEL, HOMER, KINNANE, LAURIE, O'KEEFE, SUING, and WRIGLEY;

        By: /s/ Kenneth M. Battle
             One of Their Attorneys

Kenneth M. Battle
William E. Bazarek
Winnefred A. Monu
Hickey, O'Connor & Boyer LLP
20 N. Clark Street, Suite 1600
Chicago, IL 60602
(312) 578-8083
kbattle@hoblawfirm.com
wbazarek@hoblawfirm.com
wmonu@hoblawfirm.com

**CERTIFICATE OF SERVICE**

    I, Kenneth M. Battle, an attorney, certify that a copy of the attached instrument was served via electronic case filing on all parties of record, on this 13th day of February, 2018.

        /s/ Kenneth M. Battle