IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARETHA SIMMONS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 14 C 9042 |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFFS' SUPPLEMENTAL MOTION
IN LIMINE TO BAR TESTIMONY BY DR. STEVEN HANUS**

Plaintiffs have moved to bar testimony by defense expert Dr. Steven Hanus, a psychiatrist. Their supplemental motion regarding Dr. Hanus supersedes their original motion, which the Court terminates as moot.

Defendants offer Dr. Hanus as a counter-expert to plaintiffs' expert witness Dr. Niranjan Karnik, also a psychiatrist. Dr. Karnik is expected to testify, among other things, that Davianna Simmons suffers from posttraumatic stress disorder (PTSD). (The Court will refer to her as Davianna because all of the plaintiffs have the last name Simmons.)

Dr. Hanus's reports reflect that he will testify that Davianna does not suffer from PTSD and that Dr. Karnik's analysis is flawed. The Court concludes that Dr. Hanus may properly testify regarding the latter of these opinions—with some limitations—but may not properly testify regarding the former.

The Court notes, because it is relevant regarding certain points in this order, that Davianna was born in late July 2010 and that the events at issue in this lawsuit took place in late August 2013, when she was about three years and one month old.

One of plaintiffs' objections regarding Dr. Hanus is that, unlike Dr. Karnik, he has not examined Davianna. The Court overrules this objection. Neither the law nor, it appears, norms established in the practice of psychiatry preclude him from diagnosing her without examining her.

It is clear, and cannot be seriously disputed, that an examination would have been helpful and that its absence would affect the weight to be given to Dr. Hanus's testimony. And the justification offered by defendants and Dr. Hanus for the absence of an examination is strained, at best. He contends that because she was already traumatized, examining her would risk increasing the level of trauma. But Dr. Hanus's bottom-line opinion is that Davianna *does not suffer* from PTSD, and although this is not the same thing as saying she has no trauma, neither defendants nor Dr. Hanus have justified his non-examination of her by any generally accepted criteria. Dr. Hanus also seemed to say that Davianna *was* examined by the Court, but that is simply not so—the Court merely presided over a deposition, which was anything but a psychiatric examination.

But despite this, the fact that Dr. Hanus did not examine Davianna does not preclude him from offering an opinion that amounts to a diagnosis. At least the Seventh Circuit seems to have so held. *See United States v. Lawson*, 653 F.2d 299, 301 (7th Cir. 1981); *see also Walker v. Soo Line R. Co.*, 208 F.3d 581, 591 (7th Cir. 2000). These cases are not quite like this one. In both cases the non-examining psychiatrist expressly relied on examinations by others, contrary to Dr. Hanus, who essentially rejects the only face-to-face examination that took place here, the one conducted by Dr. Karnik. And in *Walker* the non-examining psychiatrist who testified did conduct a limited

examination of the plaintiff. But although this makes the admissibility of Dr. Hanus's opinions on this basis a close question, the Court believes these cases stand for the proposition that a personal examination is not a *sine qua non* of admissible psychiatric diagnosis testimony. Nor does the so-called "Goldwater rule"—an ethical rule that appears to preclude psychiatrists from rendering opinions on the mental status of public figures—appear to apply in this situation, at least not to bar testimony in court. The Court found Dr. Hanus's testimony at a *Daubert* hearing persuasive in this regard.

But this does not make admissible Dr. Hanus's testimony in which he diagnoses Davianna as not having PTSD. His testimony rests in significant part on its conclusion or opinion that the statements about the underlying traumatic event given by Davianna, her mother, and her grandmother are not true. More specifically, Dr. Hanus, who reviewed the accounts both of the plaintiffs and of the defendants, concluded that the plaintiffs' accounts are not reliable, and he based his determination that Davianna does not meet one of the key diagnostic criteria for PTSD on this conclusion. But Dr. Hanus has no particular expertise in determining credibility; defendants, who have the burden of establishing the admissibility of his opinion, have offered nothing in this regard. And allowing Dr. Hanus to render an opinion premised to such a significant degree on an express credibility finding involving contradictory testimony would be inappropriate because it would usurp the role of the jury. *See, e.g., Goodwin v. MTD Prods., Inc.*, 232 F.3d 600, 609 (7th Cir. 2000).

Dr. Hanus's opinion is also premised to a significant extent on speculation on his part, including his statement that she had pre-existing sleep issues (presumably suggesting that her alleged post-event sleep issues had some cause other than the

3

alleged traumatic event at issue).  But the so-called pre-existing sleep issues referenced in Dr. Hanus's report at pages 2-3 (the only reference that defendants cite in their response to plaintiffs' motion, see Defs.' Resp. (dkt. 292) at 9), are simply a report that when she was less than three months old—nearly three years before the events at issue—she was not sleeping alone without crying and a report that when she was a little under two years old she was "continu[ing] to cosleep with her mother."  Dr. Hanus offers no support in his report for the proposition that these rather mundane bits of information have any clinical significance at all.

Because these two points are critical to Dr. Hanus's diagnosis that Davianna does not suffer from PTSD, the inappropriateness of Dr. Hanus's conclusions and testimony about them renders his diagnosis inadmissible.  The Court therefore bars Dr. Hanus from testifying that Davianna does not have PTSD or that she does not meet the criteria for PTSD.

The Court also notes that there even beyond this, there is a good deal of unsupported and inadmissible speculation in Dr. Hanus's report, including the propositions that Davianna's mother may have had a substance abuse problem during her pregnancy; Davianna may have visited her father in prison, which could have traumatized her; and she may have been exposed to violence, including shootings and death in her neighborhood.  Completely aside from the fact that this all seems to be part of an effort by defendants at character assassination vis-à-vis the plaintiffs, none of it has any support in actual evidence; it all amounts to improper and inadmissible speculation.  And Dr. Hanus's report likewise does not attempt to explain how other events that do have some basis in the record (the fact that Davianna's mother spanked

her; she slept with her mother when she was two years old; a claimed drug dealer spent time at the Simmons residence; and she now lives with her grandparents) contributed to his diagnosis that Davianna does not have PTSD. None of this is properly admissible.

The Court's conclusion that Dr. Hanus may not render a diagnosis of Davianna and may not testify regarding the speculative points identified above does not, however, render his testimony entirely admissible. Defendants may appropriately elicit from Dr. Hanus—at least consistent with his written report—a critique of Dr. Karnik's analysis. But this does not give them, or, significantly, Dr. Hanus, license to stray into matters and testimony on which the Court has precluded him from testifying. The Court expects defense counsel to carefully instruct Dr. Hanus regarding what he may and may not testify about and to likewise carefully instruct him that his responses to questions during his testimony must be direct and responsive and may not stray off the mark, which seemed somewhat difficult for Dr. Hanus (like many expert witnesses) to do during his testimony at the Daubert hearing. Plaintiffs' counsel likewise would be well advised to construct their questions for Dr. Hanus carefully to avoid inadvertently eliciting points the Court has excluded.

Finally, the Court bars, under Federal Rule of Evidence 403, Dr. Hanus's contention that Dr. Karnik should have made a report to the Illinois Department of Children and Family Services regarding Davianna's living situation given what he learned during his examination and investigation that preceded his expert report in this case. This is inappropriately inflammatory and it has no probative value at all.

Date: February 18, 2018

_____
MATTHEW F. KENNELLY
United States District Judge